Marie HIMMELBERGER, Executrix
of the Estate of Sharon Warnock,
Appellant

v.

COMMONWEALTH OF Pennsylvania,
Department of REVENUE, BUREAU
OF INDIVIDUAL TAXES, Inheri-
tance Tax Division.

No. 1453 C.D. 2011.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 13, 2012.

Decided May 10, 2012.

William H. Sturm, Jr., Myerstown, for
appellant.

Thomas J. Gohsler, Deputy Chief Coun-
sel, Harrisburg, for appellee.

Before: McGINLEY, Judge, COVEY,
Judge, and COLINS, Senior Judge.

OPINION BY Judge McGINLEY.

Marie Himmelberger (Appellant), Exec-
utrix of the Estate of Sharon Warnock
(Decedent), disputes an order of the Court
of Common Pleas of Berks County (com-
mon pleas court) that sustained the Notice
of Inheritance Tax Appraisement, Allow-
ance or Disallowance of Deductions and
Assessment of Tax issued by the Pennsyl-
vania Department of Revenue (Revenue),
Department of Individual Taxes, Inheri-
tance Tax Division.

Appellant and Revenue stipulated to the
following:

1. ... Decedent and ... Appellant,
while residents of the State of New Jer-
sey, entered into a New Jersey Civil
Union on March 8, 2007.

2. Decedent died testate February 25,
2010, a resident of Berks County, Penn-
sylvania.

3. Decedent's Last Will and Testa-
ment, executed July 15, 2008, appointed
Appellant executrix of the estate.

4. Appellant was also a designated ben-
eficiary under the Will of certain estate
assets.

5. Letters Testamentary were granted
March 3, 2010.

6. On August 31, 2010, Appellant, act-
ing as executrix, filed a Resident Dece-
dent Pennsylvania Inheritance Tax Re-
turn with the Office of the Register of
Wills, Berks County, Pennsylvania, and
paid the sum of $17,010.41 toward the
Pennsylvania Inheritance Tax due.

7. *The Inheritance Tax Return as filed
identified Appellant as a Civil Union
Partner of Decedent.* (emphasis added).

8. *The Inheritance Tax Return as filed
valued the estate assets to be received by
Appellant as beneficiary at $604,179.25.*
(emphasis added).

9. *The Inheritance Tax Return as filed
assessed the inheritance tax due on the
estate assets received by Appellant at
zero (0) percent tax rate.* (emphasis add-
ed).

10. *The Inheritance Tax return as
filed claimed a Family Exemption of
$3,500.00 on behalf of Appellant.* (em-
phasis added).

11. On February 7, 2011, the Common-
wealth of Pennsylvania, Department of
Revenue, Bureau of Individual Taxes,
Inheritance Tax Division issued a Notice
of Inheritance Tax Appraisement, Allow-
ance or Disallowance of Deductions and
Assessment of Tax.

12. *The Notice assessed the Inheri-
tance Tax due on the value of the assets
received from the estate by Appellant at
the collateral rate of 15%.* (emphasis
added).

13. *The Notice denied a deduction to
the estate on behalf of a family exemp-*

*tion claimed under the Probate, Estates and Fiduciaries Code.* (emphasis added).

14. *The Notice claimed the sum of $91,528.42 was due as additional tax as of February 22, 2011.* (emphasis added). Stipulation of Facts, June 1, 2011, Paragraphs 1–14 at 1–2; Reproduced Record (R.R.) at 79a.

The common pleas court sustained Revenue's Notice of Inheritance Tax Appraisement, Allowance or Disallowance of Deductions and Assessment of Tax and concluded that "Appellant is not a child, parent, or spouse of the decedent, and further, there is no legitimate reason to apply New Jersey law or treat Appellant any differently than any other member of the non-familial class of survivor." Opinion of the Common Pleas Court, September 28, 2011, at 13.

Before this Court and in her Concise Statement of Errors Complained of on Appeal, Appellant challenges:

1. Whether the trial court committed errors of law and/or abused its discretion when in [sic] failed to specially address the following ...:

a. Whether, for Pennsylvania Inheritance Tax purposes, a New Jersey civil union [1] is the equivalent of a marriage between persons of the same sex.

b. Whether, if a New Jersey civil union is not the equivalent of a marriage between persons of the same sex, [Section 1704 of the Marriage Law] [2] 23 Pa.C.S. § 1704 is inapplicable.

c. Whether, if a New Jersey civil union is not the equivalent of a marriage between two persons of the same sex, and if [Section 1704 of the Marriage Law,] 23 Pa.C.S. § 1704 is inapplicable, does the Full Faith and Credit clause of the United States Constitution [3] require Pennsylvania to recognize New Jersey law relative to the taxation of same sex couples and apply the spousal tax rate to the assets received by Appellant.

Concise Statement of Errors Complained of on Appeal, August 15, 2011, Paragraph 1(a-c) at 1–2.

These issues were raised and argued before the common pleas court and ably disposed of in the comprehensive opinion of the Honorable P.W. Schmehl. Therefore, this Court shall affirm on the basis of that opinion. *In Re: Estate of Sharon Warnock, Marie Himmelberger, Executrix of the Estate of Sharon Warnock v. Pennsylvania Department of Revenue, Bureau*

1. Pursuant to New Jersey law, a "civil union" is defined as a "legally recognized union of two eligible individuals of the same sex established pursuant to this act [and that] [p]arties to a civil union shall receive the same benefits and protections and be subject to the same responsibilities as spouses in a marriage." N.J.S.A. 37:1–29. "For two parties to establish a civil union in this state, it shall be necessary that they satisfy all of the following criteria: (a) not be a party to another civil union, domestic partnership or marriage in this State; (b) be of the same sex; and (c) be at least 18 years...." N.J.S.A. 37:1–30.

2. Section 1704 of the Marriage Law provides: It is hereby declared to be the strong and longstanding public policy of this Common-

wealth that marriage shall between one man and one woman. *A marriage between persons of the same sex* which was entered into in another state or foreign jurisdiction, even if valid where entered into, *shall be void in this Commonwealth.* (emphasis added).

3. The Full Faith and Credit Clause of the United States Constitution provides:

Full Faith and Credit shall be given in each state to the public Acts, Records and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

*of Individual Taxes, Inheritance Tax Division,* (No.0610–0286), filed September 28, 2011.

### *ORDER*

AND NOW, this 10th day of May, 2012, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed.